UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CARTER THURMAN CAMPBELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:20-CV-275-TAV-HBG |
| TDOC and CANDICE WHISMAN, | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 4] and motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED** and this action will proceed only against Defendant Whisman.

## I.      FILING FEE

It appears from the motion for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff is unable to pay the filing fee. Accordingly, this motion [*Id.*] will be **GRANTED**.

Because Plaintiff is a prisoner of the Tennessee Department of Correction ("TDOC"), he will be **ASSESSED** the filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust

account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

Accordingly, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at Plaintiff's current institution and the Attorney General for the State of Tennessee, and to send a copy to the Court's financial deputy.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

Case 3:20-cv-00275-TAV-HBG   Document 5   Filed 06/23/20   Page 2 of 5   PageID #: 39

face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Analysis**

Plaintiff alleges that in 2015, a TDOC prison improperly removed credits toward his sentence for time that he served in an Alternative Community Corrections Program, and that TDOC still is not giving him these credits despite a state court criminal judge entering an order on November 25, 2019, stating that he should receive those credits [Docs. 2 and 2-1]. As relief, Plaintiff seeks monetary compensation for the extra time that he has served [Doc. 2 p. 5]. Plaintiff has sued the TDOC and Candice Whisman, the Director of Sentence Management for TDOC [*Id.* at 2].

However, Defendant TDOC is immune from suit under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365–66 (1990) (holding that "the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court"). Accordingly, this Defendant will be **DISMISSED**.

However, liberally construing the complaint in Plaintiff's favor, Plaintiff has adequately alleges that Defendant Candice Whisman, as Director of Sentence Management for TDOC, has used improper procedures to calculate credits towards Plaintiff's sentence and this claim will proceed herein. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (providing

3

that "§ 1983 remains available for procedural challenges [regarding a sentence] where success in the action *would not necessarily* spell immediate or speedier release for the prisoner" (citing *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974)).

### III.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee and to furnish a copy of this order to the Court's financial deputy;

5. This action will only proceed as to Plaintiff's claim against Defendant Whisman for use of improper procedures in calculating his sentence;

6. Accordingly, TDOC is **DISMISSED**;

7. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Whisman.  Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of receipt of this order.  At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service.  Fed. R. Civ. P. 4;

8. Service shall be made on Defendant Whisman pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

9. Plaintiff is forewarned that if he does not return the completed service packet within the time required, the Court will dismiss this action;

10. Defendant Whisman shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Whisman fails to timely respond to the complaint, it may result in entry of judgment by default against her;

11. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or her counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE