UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CARTER THURMAN CAMPBELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:20-CV-275-RLJ-HBG |
| CANDICE WHISMAN, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. Now before the Court is Defendant Whisman's motion to dismiss this action for failure to state a claim upon which relief may be granted under § 1983 [Doc. 16]. Plaintiff has not responded and his time for doing so has passed [Doc. 15]. Thus, he waived any opposition to this dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, this motion [Doc. 16] will be **GRANTED**, and this action will be **DISMISSED**.

### I. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is implausible when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. In considering a motion to dismiss, a court must take all factual allegations in the complaint as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more

> than the mere possibility of misconduct, the complaint has alleged-
> but it has not "show[n]"- "that the pleader is entitled to relief." Fed.
> Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679 (internal citations omitted).

Additionally, while Plaintiff's claim survived the Court's initial review under the Prison Litigation Reform Act ("PLRA"), the standard for overcoming a Rule 12(b)(6) motion is a higher bar. *See, e.g., Leach v. Corr. Corp. of Am.*, No. 3:16-CV-2876, 2017 WL 35861, at *3 (M.D. Tenn. Jan. 4, 2017) (stating the required PLRA screening is "a lower burden for the plaintiff to overcome in order for his claims to proceed" than a motion to dismiss under Rule 12(b)(6)).

## II. ANALYSIS

The Court allowed this action to proceed only as to a claim that Defendant Candice Whisman used improper procedures to calculate credits towards Plaintiff's sentence, for which he seeks compensatory damages [Doc. 5 p. 4]. In her motion to dismiss, Defendant Whisman summarizes this claim to allege that she did not provide Plaintiff with credits he earned towards his sentence in an alternative community corrections program between 2009 to 2011, despite a 2019 state court order providing that he was entitled to those credits, and therefore to seek compensation for the additional time he served [Doc. 17 p. 1–2].

Defendant Whisman asserts that this claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), in which the Supreme Court held that if a judgment for the plaintiff necessarily implies the invalidity of an underlying criminal conviction, the action must be dismissed unless the plaintiff can show the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus [*Id.* at 3–4 (citing *Miles v. Kennington*, No. 3:17-CV-P514-DJH, 2017 WL 5988352, at *5 (W.D. Ky. Dec. 1, 2017) (holding that *Heck* barred a "claim that unknown probation and parole officers violated [the plaintiff's] rights by 'manipulating, modifying, and sabotaging' the

2

calculation of his sentence, which resulted in him receiving a longer sentence than he should have received, and wrongfully deferring his parole"))].

The Court reads this argument to assert that while the Court interpreted Plaintiff's claim against Defendant Whisman as a challenge to the procedures used to deny him sentencing credits in its screening order [Doc. 5 p. 4 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (providing that "§ 1983 remains available for procedural challenges [regarding a sentence] where success in the action *would not necessarily* spell immediate or speedier release for the prisoner" ((citing *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974))], Defendant Whisman interprets the claim to attack the duration of his sentence, and therefore avers that this claim is not cognizable under § 1983, but rather falls under habeas corpus [Doc. 17 p. 3–4]. *Wilkinson*, 544 U.S. at 81–82 (providing that an inmate's "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that an inmate alleging entitlement to speedier release must pursue such relief through habeas corpus action, rather than § 1983).

Plaintiff has not opposed Defendant Whisman's interpretation of his only claim proceeding herein. Moreover, a close reading of Plaintiff's complaint establishes that, even liberally construing the complaint in Plaintiff's favor, Defendant Whisman has accurately summarized his only claim against her, and Plaintiff has not set forth any factual allegations in the complaint to support a cognizable § 1983 claim challenging the procedures used to calculate his sentence. *Wilkinson*, 544 U.S. 81 (citing *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (providing that a complaint "must contain sufficient factual matter,

3

accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Specifically, in *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set forth minimal procedural safeguards that prison officials must follow before depriving a prisoner of good-time credits due to misbehavior where the prisoner has a statutorily-created liberty interest in such credits under state law, as the constitution does not provide such a liberty interest, and found that a claim arising out of the deprivation of such safeguards was cognizable under § 1983. *Id.* at 554–70, 72. However, *Wolff* does not govern Plaintiff's complaint because he seeks relief directly related to the duration of his confinement and does not set forth any factual allegations challenging the procedures used to determine that duration. *Hill v. Snyder*, 878 F.3d 193, 210 (6th Cir. 2017) (noting that where a plaintiff directly challenges the length of his confinement, his claim is not cognizable under § 1983, but where a plaintiff challenges the processes underlying the calculation of his sentence in a manner could potentially, but would not automatically, change that duration, such a claim was cognizable under § 1983) (citations omitted).

In other words, Plaintiff does not allege that he was not provided a hearing or any other safeguards for his due process rights related to Defendant Whisman's denial of his sentencing credits such that his claim could fall under *Wolff*, but rather simply seeks compensatory damages for that denial of sentencing credits [Doc. 2 p. 4–8]. Thus, if the Court granted Plaintiff the relief that he requests in his complaint for his claim against Defendant Whisman, it would automatically, rather than potentially, invalidate the duration of Plaintiff's sentence. Accordingly, his claim is not cognizable under § 1983, *id.*, and Defendant Whisman's motion to dismiss [Doc. 16] will be **GRANTED**.

### III. CONCLUSION

For the reasons set forth above:

4

1. Defendant Whisman's motion to dismiss [*Id.*] will be **GRANTED**;

2. This action will be **DISMISSED**; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

5

Case 3:20-cv-00275-RLJ-HBG   Document 19   Filed 01/15/21   Page 5 of 5   PageID #: 84